THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NORMAN AXFORD, Appellant.

PER CURIAM. Defendant [indicted for robbery in the second degree] has been convicted of robbery in the second [third] degree, in that on July 29, 1931, he feloniously deprived one Agnes Gaton against her will of $1,060 by the use of force and threats. During the course of the trial, neither defendant's general character nor his reputation being in issue, the People, under the constant objection and exception of defendant's counsel, proved many meretricious relations and transactions between defendant and the complaining witness seriously smirching defendant's character and covering a long period of time — upon the apparent theory that such proof bore legitimately upon the question whether the complaining witness was robbed or voluntarily gave the money to defendant. Such procedure was materially unfair to defendant. Two letters were read in evidence, concededly written by Agnes Gaton to defendant on August 11 and 15, 1931, in which she states that she " gave the money to defendant to buy a new car." Agnes Gaton was the only witness testifying that the robbery transaction occurred. And it has been indubitably proved that the next day after the alleged robbery defendant did buy a new automobile in Cleveland, Ohio. For these reasons we conclude that defendant was neither fairly tried nor convicted beyond a reasonable doubt and that the judgment of conviction should be reversed

upon the law and facts and a new trial granted. All concur, Thompson, J., in the reversal on the facts only, and Crosby, J., in the reversal on the law only. Judgment of conviction reversed on the law and facts and new trial granted.